UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JASON SINGLETON and SCHERRY SINGLETON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   Nos. 2:15-CV-287; 2:15-CV-290 ) |
| HOSPITAL OF MORRISTOWN, *et al.*, | ) ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

This Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq.,* case is before the court to address two motions to dismiss the complaints. Defendants Hospital of Morristown, Inc., d/b/a Lakeway Regional Hospital ("Lakeway") and Professional Account Services, Inc. ("PASI") filed a motion to dismiss the plaintiffs' complaint, [Doc. 25].[1] The plaintiffs have responded, [Doc. 28], and the defendants have replied, [Doc. 29]. Defendant Michael Mossman ("Mossman") filed a motion for judgment on the pleadings,[2] [Doc. 36]. The plaintiffs have responded to the motion for judgment on the pleadings, [Doc. 44], and Mossman has replied, [Doc. 46]. The matters are ripe for review.

**I. FACTS**

The plaintiffs filed two suits in state court against the defendants related to the defendants' attempts to collect debts.[3] The plaintiffs have alleged FDCPA violations and various

---

[1] Documents cited as [Doc. __] refer to documents in case number 2:15-CV-287 unless otherwise noted.
[2] Mossman's motion for judgment on the pleadings makes almost identical arguments for dismissal as the motion to dismiss. Unless otherwise noted, the Court will refer to the defendants' motions collectively when describing the arguments.
[3] In case number 2:15-CV-287, the plaintiffs sued Michael Mossman and Jane Doe in state court. The defendants removed the matter to this Court. [Doc. 1]. In case number 2:15-CV-290, the plaintiffs sued Michael Mossman and Mossman removed the matter to this Court. [Doc. 1 in 2:15-CV-290]. The plaintiffs then filed an Amended

1

state law claims. The complaints allege that the plaintiffs incurred debts to Lakeway for medical services provided to the plaintiffs. [*Complaint*, Doc. 1-1 ¶ 8]. After the plaintiffs defaulted on the debts, Lakeway "assigned the debts to PASI" for collection, and PASI hired defendant Michael Mossman ("Mossman") to attempt to collect the debts from plaintiffs. [*Amended Complaint.* ¶ 12] [4]. A debt collection suit was filed in state court against the plaintiffs using a state court civil summons and sworn affidavit of account. The plaintiffs allege on information and belief that "an employee of Mossman prepared the civil summonses" and "an employee or agent of PASI" signed the sworn affidavit. [*Id.* ¶¶ 15, 15].

The sworn affidavit of account submitted with the civil summons states that the plaintiffs "owe the sum of $6701.68" on five accounts listed. [Exhibit 6-1]. The civil summons and filed in state court against both plaintiffs stated that "the balance due and owing on a Sworn Account hereto the Court shown in the amount of $6,701.68, together with a reasonable Attorney Fee, plus post judgment interest at the legal rate, civil process fees in the amount of $35.00, less any payments credited and the costs of this cause." [*Id.* ¶ 18, Exhibit 6-1]. A default judgment was entered in the amount of $6,364.48, "plus interest at the rate of 5.25% and cost of suit." [*Id.* ¶ 21, Exhibit 6-1].

Following entry of the default judgment, a wage garnishment was issued against Mr. Singleton by the Hamblen County Court Clerk on January 15, 2015. [Doc. 1-1, ¶ 19, Exhibit 6-2]. On September 3, 2015, Mr. Singleton talked with the Clerk's office to stay the garnishment and proposed a payment plan. [*Id.* ¶ 20]. While Mr. Singleton was in the office, the Clerk called

---

Complaint to bring claims against PASI and Lakeway in 2:15-CV-290. [Doc. 6 in 2:15-CV-290]. The cases were then consolidated and 2:15-CV-287 was designated as the lead case. [Doc. 8].
[4] "Amended Complaint" refers to Document 6 in Case Number 2:15-CV-290, filed before these cases were consolidated. The Amended Complaint supplanted the complaint removed from state court in case 2:15-CV-290. Therefore, all allegations made in case 2:15-CV-290 are contained in the Amended Complaint and the Court will only refer to allegations contained in the Amended Complaint regarding case 2:15-CV-290.

2

Mossman's office and spoke with a Jane Doe about the proposed payment plan. [*Id.* ¶ 22]. The plaintiffs allege that Jane Doe informed the Clerk's office that the "Plaintiffs had two other debts with Defendant Mossman's office they were attempting to collect and that Plaintiffs needed to contact Defendant Mossman's office about those debts, and the deputy clerk relayed this communication to Plaintiffs." [*Id.* ¶ 22]. The plaintiffs allege that Doe did not have the required consent to communicate with the clerk, a third party, in regard to the collection of debts. [*Id.* ¶ 32].

The plaintiffs filed these lawsuits alleging FDCPA violations and state law claims for improper entry of default judgments, unjust enrichment, and invasion of privacy. The complaint alleges that by communicating with the clerk about collection of a debt without consent the defendants committed FDCPA violations and a state law claim of invasion of privacy. [*Id.* ¶¶ 33-34]. The amended complaint alleges the default judgments entered against the plaintiffs are void because the defendants were not properly served and asks the Court to set aside the default judgments. [Amended Complaint ¶ 34]. The plaintiffs also allege that the defendants have been unjustly enriched by the payments made on the void judgments and ask the Court to order restitution to the plaintiffs in the amount of the payments and pre-judgment interest. [*Id.* ¶¶ 37-40]. Finally, the plaintiffs allege violations of the FDCPA occurred by "attempting to collect debts the plaintiffs do not owe," [*Id.* ¶ 46]; failing "to include § 1692e(11) language in subsequent communications," [*Id.* ¶ 52]; failing "to send a written notice containing amount of the debt and required notices within five days after the initial communication," [*Id.* ¶ 54]; and "requesting different amounts" on the civil summons and sworn affidavit, [*Id.* ¶ 56].

## II. STANDARD OF REVIEW

3

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) eliminates a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Moreover, Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and to "state a claim to relief that is plausible on its face." I*d.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Moreover, this Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft*, 556 U.S. at 678. Lastly, this Court may consider documents central to the plaintiff's claims to which the complaint refers and incorporates as exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

A motion to dismiss pursuant to Rule 12(b)(1) for lack of jurisdiction may be either an attack on the face of the complaint or on the factual basis of jurisdiction. *Golden v. Gorno Bros.,*

*Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A factual attack challenges the existence of jurisdiction, apart from the pleadings. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1334 (citing *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 890 (3d Cir. 1977)). When a factual issue exists in a Rule 12(b)(1) motion, the district court is "free to weigh the evidence and satisfy itself as the existence of its power to hear the case." *Id.* (citing *Mortensen*, 549 F.2d at 890-91). The court is "empowered to resolve factual disputes" arising out of a Rule 12(b)(1) challenge to subject matter jurisdiction. *Id.* (citing *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)).

Rule 12(c) states that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is subject to the same standard of review as a motion for dismissal under Rule 12(b)(6). *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court may consider documents central to the plaintiff's claims to which the complaint refers and incorporates as exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

### III. ANALYSIS

   1. **Rooker-Feldman Doctrine**

The defendants argue that the Court lacks subject matter jurisdiction over the plaintiffs' state law and FDCPA claims in the Amended Complaint under the Rooker-Feldman doctrine. The Rooker-Feldman doctrine arises out of two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Supreme Court clarified the Rooker-Feldman doctrine stating that application of the doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). Both plaintiffs in *Rooker* and *Feldman* requested the district court to "overturn an injurious state-court judgment" but only the Supreme Court has jurisdiction to review a state court's judgment. *Id.* at 292.

The court must look at the source of the plaintiff's injury alleged in the federal complaint to determine whether a claim is one that attacks a state court judgment, and thus is within the Rooker-Feldman scope, or an independent claim over which a district court may assert jurisdiction. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). "If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.* For a claim to fall within the Rooker-Feldman doctrine's scope, "the source of the injury must be from the state court judgment itself; a claim alleging another source of injury is an independent claim." *Id.* at 394.

6

### a. State Court Claims to Set Aside Default Judgment, Unjust Enrichment, Actual Damages, and Punitive Damages

The plaintiffs allege that the default judgment entered against them should be set aside as "void" because the plaintiffs were not properly served. [*Amended Complaint* ¶ 24-32]. Further, the plaintiffs allege the defendants were unjustly enriched by the payments made on the allegedly void judgments, including the wage garnishment. [*Id.* ¶ 36-44]. The Court is hard-pressed to find an instance where the Rooker-Feldman doctrine would more clearly apply. The plaintiffs in these suits are clearly "state-court losers complaining of injuries caused by state-court judgments" that were entered before these proceedings were commenced. The first claim specifically requests this Court to "set aside" and declare the state court default judgments "void"; thereby specifically asking this Court to review and reject the state court judgments. In the second claim requesting restitution for payments made pursuant to the judgments, the "source of the injury" is clearly the default judgments in state court. For the Court to find the plaintiffs' claims of improper service actionable would require the Court to specifically review the state court's determination that service was proper before it entered the default judgment.

In their response, the plaintiffs argue that the Court has jurisdiction to hear these state law claims and to grant the relief requested, setting aside the state court default judgments and restitution of monies paid on the judgments. The plaintiffs cite a Sixth Circuit case holding that an exception to the general rule prohibiting district court review of a state court judgment exists and a district court "may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake." *Sun Valley Foods Co. v. Detroit Marine Terminals, Inc.*, 801 F.2d 186, 189 (6th Cir. 1986) (quoting *Resolute Insurance Co. v. North Carolina*, 397 F.2d 586, 589 (4th Cir. 1968)). However, nowhere in the plaintiffs' amended complaint do they allege that the default judgments resulted from any mistake of the

7

state court or fraud by the defendants. The plaintiffs fail to account for the fact that the exception stated in *Sun Valley Foods* "focuses on situations involving the improper procurement of the judgment, i.e., where the state court winner deceived the Court into a wrong decree." *International Christian Music Ministry Inc. v. Ocwen Federal Bank, FSB*, 289 Fed. App'x 63, 65 (6th Cir. 2008) (internal citations omitted). The exception does not extend to mere judicial errors committed by the state court. *Id.* (citing *Resolute Insurance Co.*, 397 F.2d at 589). The plaintiffs have failed to allege any mistake or fraud in the complaints in regard to entry of the default judgments. Instead, their response to the motion to dismiss merely argues that the state court committed a judicial error, which is not covered by the exception discussed in *Sun Valley Foods*, and couched the error as a "mistake."

The plaintiffs also allege that the defendants are liable for actual damages in the amount of $6,994.74 plus accrued interest that were incurred "as a direct result of the wrongful garnishment against Mr. Singleton's wages." [*Amended Complaint* ¶¶ 41-42]. The plaintiffs further allege that the defendants are liable for punitive damages in the amount of $10,000 "for its willful and wrongful conduct, gross negligence and reckless disregard in wrongfully garnishing Mr. Singleton's wages as a result of a void default judgment." [*Id.* ¶ 44]. Both of these claims and the relief requested are the "direct result[s]" of the plaintiffs' claims to set aside the state court default judgments and for unjust enrichment. These do not appear to be separate claims of state law violations but instead are the relief requested by the plaintiffs if the defendants were found liable for claims to set aside the default judgment and unjust enrichment. Additionally, the actual damages alleged, repossession of a car because the plaintiffs could not make the payment due to the garnishment, is alleging a direct injury caused by entry of the state court judgments.

8

In their response to the motion to dismiss, the plaintiffs argue that the Court should not dismiss their state law claims for lack of subject matter jurisdiction where the defendants removed the state court action to federal court. However, the plaintiffs did not assert their state court claims regarding the "void" default judgments or unjust enrichment until the Amended Complaint, filed in this Court on November 30, 2016, almost 30 days after the state court action had been removed from federal court. [*Amended Complaint*, Doc. 6 in 2:15-CV-290]. At the time the defendants removed the complaint for case 2:15-CV-290 to this Court, the only claims alleged before the state court were for FDCPA violations of "requesting different amounts" and failure to include particular notices in debt collection communications. [Doc. 1-1 in 2:15-CV-290]. No claims regarding "void" default judgments, unjust enrichment, or FDCPA violation for collection of debt not actually owed were alleged in the state court complaint removed to this Court. [*Id.*] In the companion case removed to this Court, the only state law claim alleged in the complaint is a claim of invasion of privacy, which was not discussed in either motion. [*Complaint*, Doc. 1 in 2:15-CV-287].

These state law claims have not alleged any independent injury but instead ask this court to review and reject the state court judgments as void. The Court finds that the plaintiffs' state law claims to set aside the default judgments and for unjust enrichment fall within the Rooker-Feldman doctrine, which deprives this Court of jurisdiction over those claims. Additionally, because the Court cannot consider these state court claims, the requested relief for those claims, actual damages and punitive damages, cannot be considered in this matter. The state court claims in the Amended Complaint, [Doc. 6 in 2:15-CV-290], Count One requesting the court "set aside" the "void" default judgments, Count Two asking the Court to order restitution for payments made pursuant to those judgments and wage garnishment, Count Three for actual

9

damages, and Count Four for punitive damages, are hereby DISMISSED. Count One is DISMISSED WITH PREJUDICE. Counts Two, Three and Four are DISMISSED WITHOUT PREJUDICE.

### b. FDCPA Violation of "Attempting to Collect Debts Plaintiffs Do Not Owe"

The plaintiffs allege in the Amended Complaint that "[d]ue to her disability, Mrs. Singleton has medical coverage under Medicare for her medical services she received from Lakeway, which Plaintiffs believe the evidence will show the reason for the reduction in the amount of the default judgment from the amount originally demanded by Defendants in the collection lawsuit." [*Amended Complaint* ¶ 45]. The plaintiffs then allege the defendants violated the FDCPA by attempting to collect debts that the plaintiffs do not actually owe because Medicare should have paid for the services rendered. [*Id.* ¶ 46]. To the extent that the plaintiffs assert that they do not owe the debt underlying the state court default judgments, that claim falls within the Rooker-Feldman doctrine and is not properly before this Court. To sustain such a claim would require the Court to exercise appellate review of the state court judgment, which found the plaintiffs owed the underlying debt to Lakeway. The plaintiffs in this claim are directly challenging the underlying debt, not the collection efforts. The FDCPA claim of the amended complaint premised on finding that the plaintiffs do not owe the underlying debt is DISMISSED WITH PREJUDICE.

**2. FDCPA Violations**

The FDCPA was passed to eliminate "abusive, deceptive, and unfair debt collection practices." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting 15 U.S.C. § 1692(a)). The Sixth Circuit has noted that the act is "extraordinarily broad" and must be enforced as written, even when eminently sensible exceptions are proposed in the face of an innocent

and/or *de minimis* violation. *See Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992). While § 1692e lists a number of examples of false or misleading representations, the text of the statute itself indicates that the examples are not meant to limit its prohibition on the use of false, deceptive or misleading representations in connection with the collection of a debt. 15 U.S.C. § 1692e. Likewise, § 1692f contains the same language, making clear that the examples set forth therein do not "limit[ ] the general application" of its prohibition on the use of unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. The Seventh Circuit has observed that the phrase "unfair or unconscionable" used in § 1692f "is as vague as they come." *Beler v. Blatt, Hasenmiller, Leibsker & Moore*, 480 F.3d 470, 474 (7th Cir. 2007).

The plaintiffs allege the defendants violated § 1692c(b) which states,

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b). Section 1692b imposes certain restrictions on a debt collector speaking with third-parties about a consumer's debt except to acquire location information about the consumer. The plaintiffs allege the defendants' actions in collection with the debt constituted harassment or abuse in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

Here, the plaintiffs also allege violations of § 1692e and the following specific enumerated provisions:

11

>           A debt collector may not use any false, deceptive, or
> misleading representation or means in connection with the
> collection of any debt.
>
> . . .
>           **(2)** The false representation of--
>                   **(A)** the character, amount, or legal status of any
> debt;
>                   **(B)** any services rendered or compensation which
>           may be lawfully received by any debt collector for the
>           collection of a debt
>
> . . .
>           **(5)** The threat to take any action that cannot legally be
> taken or that is not intended to be taken.
>
> . . .
>
>           **(8)** Communicating or threatening to communicate to any
> person credit information which is known or which should be
> known to be false, including the failure to communicate that a
> disputed debt is disputed.
>
> . . .
>
>           **(10)** The use of any false representation or deceptive means
> to collect or attempt to collect any debt or to obtain information
> concerning a consumer.

15 U.S.C. § 1692e. The plaintiff additionally alleges that the defendants violated § 1692f which prohibits "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. That section provides a non-exhaustive list of specific examples that constitute a violation of the section. *Id.*

In assessing whether particular conduct violates the FDCPA, courts apply "the least sophisticated consumer" test to objectively determine whether that consumer would be misled. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006); *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1029 (6th Cir. 1992). The least sophisticated consumer test is designed "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd."

12

*Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008) (quotations and citation omitted).

### a. "Requesting Different Amounts"

The plaintiffs allege the defendants violated the FDCPA by "requesting different amounts in the civil summons and sworn affidavit." [*Amended Complaint*, ¶ 55]. In their response to the motion to dismiss, the plaintiffs argue that this FDCPA violation occurred when the defendants requested "different amounts in different communications that result in conflicting statements as to the amount owed." [Doc. 28 p. 22]. The defendants argue that the plaintiffs have failed to state a claim under the FDCPA for this alleged violation because the principal amounts requested in the affidavit and the civil summons are consistent. Additionally, the defendants argue that the reference to attorney fees in the civil summons but not the affidavit is not false or misleading under the FDCPA.

The civil summons states the plaintiffs owe the "amount of $6701.68, together with a reasonable Attorney fee, plus post Judgment interest at the legal rate, civil process fees in the amount of $35.00, less any payments credited and the cost of this cause." [Exhibit. 6-1]. The sworn affidavit of account states that the plaintiffs owe "the sum of $6701.68" on five accounts listed. [*Id.*] The plaintiffs argue this request implies that plaintiffs are going to "owe more than the amount demanded," with the only support for the collection lawsuit being a sworn affidavit that makes no mention of attorney fees.

This Court and other courts in the Eastern District of Tennessee have held that where the summons and affidavit contain consistent principal amounts, such communications are not false or misleading under the FDCPA, even where the summons also requests attorney fees and costs that are not discussed in the affidavit. *See White v. Sherman Financial Group, LLC*, 984 F.

13

Supp. 2d 841, 849 (E.D.Tenn. Nov. 4, 2013) (holding that the summons and affidavit are not inconsistent where the principal amount listed on both documents is the same but the affidavit does not mention court costs and the civil summons requests costs authorized by statute); *see also Smith v. LVNV Funding, LLC*, No. 2:11-CV-379, 2014 WL 3810633, at *16-17, (E.D.Tenn. Aug. 1, 2014) The reasoning applied in *White* and *Smith* applies the same here. Where the principal amounts are the same, the summons and affidavit are not "different" or "inconsistent." The plaintiffs have not presented any facts or argument that distinguish this case from *Smith* or *White*.

The plaintiffs also state that the "different" requests constitute a "false representation" of the amount of the debt. There is nothing alleged in the complaint to indicate that the amount requested or the civil summons is a "false representation" of the debt or the ability to collect attorney fees or interest. The plaintiffs have not even alleged that the defendants were not entitled to collect interest or attorney fees. Instead, the allegations and argument center solely on the "inconsistent amounts" in the affidavit and summons. Additionally, the plaintiffs have failed to allege how requesting attorney fees in the state court is not permitted by law. Tennessee adheres to the "American rule" for award of attorney fees. *John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998); *Pullman Standard, Inc. v. Abex Corp.*, 693 S.W.2d 336, 338 (Tenn. 1985). This rule states that a party in a civil action may recover attorney's fees only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American rule applies, allowing for recovery of such fees in a particular case. *Taylor*, 158 S.W.3d at 359; *John Kohl*, 977 S.W.2d at 534. The plaintiffs have not alleged that the defendants were not legally able to collect attorney fees nor have they alleged that there was no agreement permitting collection of fees. An allegation of failing to

14

present a contract for attorney fees at the state court level does not sufficiently allege a threat to take an action not allowed by law.

Finally, the plaintiffs' response to the motion for judgment on the pleadings argues that the failure to provide a specific amount of attorney fees in the civil summons is somehow misleading or deceptive. The Court finds this argument unpersuasive. The plaintiffs have failed to make any factual allegation as to why failing to include a specific attorney fee amount is misleading or deceptive for the consumer. Without a factual allegation asserting how requesting a "reasonable Attorney fee" was misleading, confusing, or deceptive, the plaintiffs have failed to state an FDCPA violation. Additionally, the amount of attorney fees to be collected may not be determined at the time the civil summons is created because the defendants may not be aware of the amount of time or expense that will be expended on the collection efforts.

Therefore, to the extent that the plaintiffs have alleged FDCPA violations based on "requesting different amounts" where the affidavit and summons state the same principal amount, the plaintiffs have failed to state a claim and the motion to dismiss and motion for judgment on the pleadings are GRANTED. The FDCPA violation alleged in the Amended Complaint based on "requesting different amounts" is DISMISSED WITH PREJUDICE.

### b. "Failure to include § 1692e(11) language in subsequent communications" and "failure to send a written notice containing amount of the debt and required notices within five days after the initial communication.

The plaintiffs indicate that they do not oppose granting dismissal of the remaining FDCPA claims alleged in the Amended Complaint. "Based on this Court's earlier rulings that a civil summons and affidavit both constitute formal pleadings in General Sessions Court, Plaintiffs do not contest the motion for judgment on the pleadings as to these claims. See Doc. 6, Page ID # 40-42, ¶¶ 47-54." [Doc. 44 p. 17 n. 2]. The FDCPA claims indicated by the plaintiffs

15

are "failure to include § 1692e(11) language in subsequent communications" and "failure to send a written notice containing amount of the debt and required notices within five days after the initial communication" in violation of § 1692e(11). [*Amended Complaint*, ¶¶ 47-54]. Therefore, these FDCPA claims are DISSMISED WITH PREJUDICE.

**IV. CONCLUSION**

The defendants moved the court to dismiss the state law claims discussed in the Amended Complaint under the Rooker-Feldman doctrine and to dismiss the FDCPA claims of the Amended Complaint for failing to state a claim for which relief may be granted. To the extent that the motion to dismiss, [Doc. 25], and the motion for judgment on the pleadings, [Doc. 36], move to dismiss the Amended Complaint, the motions are GRANTED. For the reasons stated above, pursuant to the Rooker-Feldman doctrine, Counts One through Four of the Amended Complaint, [Doc. 6 in 2:15-CV-290], asking the Court to set aside state court default judgments, a claim of unjust enrichment, and claims for actual and punitive damages are hereby DISMISSED, Count One WITH PREJUDICE and Counts Two through Four WITHOUT PREJUDICE. The plaintiffs' FDCPA claim in the Amended Complaint based on the defendants' attempts to collect debts no owed is hereby DISMISSED WITH PREJUDICE pursuant to the Rooker-Feldman Doctrine. The plaintiffs have consented to the dismissal of the FDCPA claims in the Amended Complaint for failing to include particular language in the communications and failing to send written notice, which are hereby DISMISSED WITH PREJUDICE. Finally, the plaintiffs' FDCPA claim for "requesting different amounts" in the Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim. In sum, all claims alleged in the Amended Complaint, [Doc. 6 in 2:15-CV-290], are DISMISSED.

The motion to dismiss and the motion for judgment on the pleadings discuss only the state law claims and FDCPA violations discussed in this opinion.  Neither of the dispositive motions discussed dismissal of the state law claim of invasion of privacy or the FDCPA violations for improper communication with a third-party alleged in the complaint filed in 2:15-CV-287.  [Doc. 1-1].  To the extent that the dispositive motions address these allegations, it is with nothing more than a cursory statement, if at all, and the motions are DENIED.  The allegations made in the complaint, [Doc. 1-1], for invasion of privacy and improper communication with a third-party in violation of the FDCPA are the only remaining claims in either of these consolidated cases.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE